JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KYLE JASON KORTE, | Case No. 8:20-CV-02023-JLS |
| Petitioner, | Case No. 8:16-CR-00156-JLS |
| v. | **ORDER DENYING MOTION TO VACATE OR CORRECT FEDERAL SENTENCE (DOC. 1)** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on Petitioner's Motion to Vacate or Correct Federal Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Specifically, Petitioner moves to modify the federal sentence imposed upon him by this Court on February 6, 2018 in *United States v. Korte*, SACR 16-00156-JLS (C.D. Cal.). The Government filed an Opposition brief (Doc. 9), and Petitioner filed a Reply (Doc. 10).

As set forth below, the Court DENIES the Motion to Vacate or Correct Federal Sentence. Separately, the Court enters judgment.

## I. BACKGROUND

On November 23, 2016, Petitioner was charged with attempted bank robbery and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). (*See* CR. Doc. 11, Indictment.)

Prior to trial, defense counsel filed three Motions to Suppress. (*See* CR Docs. 32, 36, 49.) First, on various theories, defense counsel moved to suppress the contents of the trunk of Petitioner's car, including a toy gun that appeared similar to that used in the three robberies. (*See* CR Doc. 32; Doc. 35, Opp. at 4-5; Doc. 35-3, Exs. 3-5 (still shots from surveillance videos).) Second, defense counsel moved to suppress cell tower records and global positioning system ("GPS") information. (CR Doc. 36.) The last Motion to Suppress further addressed GPS evidence. (CR Doc. 49.) After a hearing, the Court denied all three motions. (*See* CR Doc. 106, Transcript of Sept. 29, 2017 hearing on motions ("Tr.").)

After a three-day jury trial, Petitioner was found guilty on all four counts. (*See* Docs. 75, 83.) On February 6, 2018, the Court sentenced Petitioner to 210 months' imprisonment. (CR Doc. 95.)

## II. LEGAL STANDARD

### A.   Statutory Authority

Petitioner moves pursuant to 28 U.S.C. § 2255, which permits federal prisoners who "claim[] the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States" to file a motion "to

vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The motion must be filed in "the court [that] imposed the sentence." *Id.*

### B. Timeliness

To be timely, the motion must be filed within one year of the "date on which the judgment of conviction becomes final."[1] 28 U.S.C. § 2255(f)(1). Where an appeal court affirms, and a Petitioner files an unsuccessful petition for certiorari, the judgment of conviction "becomes final" on day that the Supreme Court denies the petition for certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.")

## IV. TIMELINESS

Here, Petitioner's petition for certiorari was denied on October 7, 2019. *See Korte v. United States*, Case No. 18-50051 (9th Cir.) (Doc. 51). Therefore, calculating the time in accordance with Federal Rule of Civil Procedure 6(a)(1)(A)-(C),[2] the one-year period for timely filing began the next day, on October 8, 2019, and expired one year later, on October 7, 2020. In accordance with the § 2255 Rule regarding timeliness, motions by pro se inmates are considered timely if they are "deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255.

Petitioner has represented that he deposited his motion in the prison mailing system the same day he signed it, on October 8, 2020. (*See* Mot. at 10 ("this Motion . . . was placed in the prison mailing system on 10/08/2020").)[3] This is one day too late.

---

[1] Subsection (f)(1) applies in this instance. Subsections (f)(2)-(4) allow for other starting dates for the one-year limitations period, but they are not applicable here.

[2] "The Federal Rules of Civil Procedure apply in § 2255 cases in district court to the extent that they are not inconsistent with the § 2255 rules." *United States v. Reves*, 774 F.3d 562, 565 n.2 (9th Cir. 2014). Rule 6 is not inconsistent with the § 2255 rules.

[3] The internal pagination of Petitioner's filings is inconsistent. The page numbers cited herein are those generated by the Court's electronic filing system.

In certain circumstances, the one-year limitations period may be equitably tolled. Such tolling requires diligent pursuit by the petitioner of his rights, and extraordinary circumstances that stood in the way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Petitioner has given the Court no basis upon which to find equitable tolling.

In setting a briefing schedule, the Court expressly directed Petitioner to address any "details regarding any obstacles he encountered in preparing his Motion." (Doc. 4.) In response, Petitioner refers generally to a lack of access to the law library and legal files. (Reply at 6.) He also refers to memoranda to inmates from the warden of FCC Victorville dated June 1, 2020 and July 13, 2020. (*Id.*; Mot. at 17-18.) From these memoranda, it appears that Petitioner's facility of incarceration (and indeed, all Bureau of Prison facilities) experienced lockdowns and modified operations in the summer of 2020 due to both the COVID-19 pandemic and the civil unrest that followed the murder of George Floyd by a Minneapolis law enforcement officer. (*See id.*)

Here, Petitioner's Motion, filed one day late, sets forth all the required information and the legal grounds for his Motion. The Motion itself is uncomplicated, and asserts only two grounds for relief: One based on ineffective assistance of counsel relating to a *Franks* hearing and one based on parolee privacy rights. (*See generally* Mot.) Petitioner's legal argument regarding ineffective assistance of counsel is based on his counsel's failure to seek a *Franks* hearing, a basis which Petitioner demonstrated knowledge of long before his motion was due. (*See* Reply at 8-11 & Exs. C-D (demonstrating Petitioner's understanding of the *Franks* argument pre-dating the filing of his appellate brief in June 2018).) And Petitioner's argument regarding parolee privacy rights derives from the concurring opinion from appellate review of his own conviction.

Thus, it appears Petitioner was sufficiently prepared to file his Motion at least one day earlier. Petitioner does not explain how any lack of access to legal or other

4

materials prevented him from meeting his deadline.  Therefore, under the high legal standard for finding equitable tolling, circumstances warranting it are not found here.

But even if the Court were to consider Petitioner's claims on the merits, they would be denied.

## V.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Claims not raised on direct appeal are generally procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).  To overcome procedural default, a petitioner must demonstrate "cause and prejudice." *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted).  Ineffective assistance of counsel constitutes "cause" sufficient to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default."); *Walker v. Martel*, 709 F.3d 925, 938 (9th Cir. 2013)  ("Constitutionally ineffective assistance of counsel plus actual prejudice will satisfy this test and allow habeas review of a procedurally defaulted claim.").

Petitioner raises an ineffective assistance of counsel claim based on defense counsel's failure to seek a *Franks* hearing.[4]  To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005) ("Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice, . . . with performance being measured against an objective standard of reasonableness under prevailing professional norms . . . .")

---

[4] Generally, evidence seized pursuant to an invalid warrant, and the fruits thereof, are subject to suppression under the exclusionary rule. *See United States v. Henderson*, 906 F.3d 1109, 1114-15 (9th Cir. 2018).  But the exclusionary rule is subject to a good faith exception that permits introduction of evidence obtained where officers act on an objectively reasonable search warrant that is subsequently invalidated. *United States v. Leon,* 468 U.S. 897, 919 (1984).  The good faith exception does not apply where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Id.* at 923 (citation omitted).  To challenge applicability of the good faith exception, a defendant may seek a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

(internal quotation marks omitted). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

To establish deficient performance, a petitioner must show that, in light of all the circumstances, counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and must be evaluated from counsel's perspective at the time of the challenged conduct rather than with the benefit of hindsight. *Id.* at 689. Counsel's conduct must be "reasonable[] under prevailing professional norms." *Id.* at 688; *accord Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003). Due to the difficulties inherent in making this evaluation, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner for post-conviction relief "must overcome [this] presumption." *Id.* (internal quotation marks omitted).

To establish Strickland-type prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Stated otherwise, to prove prejudice, a petitioner must show more than "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Courts are concerned with whether "the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

To be entitled to a *Franks* hearing, the accused must make a "substantial preliminary showing" that law enforcement officers made a false statement or material omission "knowingly and intentionally, or with reckless disregard for the truth," and

that the statement or omission was "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. The Ninth Circuit has identified five parts of this showing:

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and
> (5) the challenged statements must be necessary to find probable cause.

*United States v. DiCesare*, 765 F.2d 890, 894-95 (9th Cir. 1985). A determination of entitlement to a Franks hearing has two steps. "First, the district court determines whether the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant." *Martinez-Garcia*, 397 F.3d at 1215. Next, if the court concludes the officer made misleading statements, the court then examines whether, "'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause.'" *Id.* (quoting *Franks*, 438 U.S. at 156). "If the corrected warrant is lacking in probable cause, then 'the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.'" *Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1052 (9th Cir. 2018) (quoting *Franks*, 438 U.S. at 156).

Petitioner believes there were three misstatements in the search warrant affidavits that would entitle him to a *Franks* hearing. (*See* Mot. at 4-5 (describing issues related to a license plate, bank videos, and vehicle); *cf.* Mot. at 11-14 defense counsel decl. dated Aug. 21, 2017).) Counsel was aware of these inaccuracies but nevertheless determined that they did not support the filing of a motion for a *Franks* hearing. Specifically, after notice to Petitioner that continuing to pursue his ineffective assistance of counsel claims would effect a waiver of the attorney-client

privilege, and after no response from Petitioner indicating a desire to withdraw his claims, the Court issued its Order Declaring Partial Waiver of Attorney-Client Privilege. (Doc. 8.) Defense counsel thereafter submitted a declaration regarding his communications with Petitioner about whether there were grounds to seek a *Franks* hearing. (*See* Doc. 9-1, Feb. 22, 2021 Steward Decl. ¶¶ 2-6; *see also* Mot. at 15-16 (letter from counsel to Petitioner discussing merits of *Franks* issue).) In the exercise of his professional judgment, counsel determined that the *Franks* issue was not meritorious, communicated this to Petitioner more than once, and purposefully chose not to seek a *Franks* hearing. This determination fell "within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and there was no ineffective assistance of counsel on the failure to seek a *Franks* hearing.

## VI.   SECOND GROUND FOR RELIEF:  PAROLEE SEARCHES

Petitioner's second ground for relief, related to the fact that he was on parole when he committed the offenses of conviction, was inspired by the concurring opinion of his appellate case. (Mot. at 6-7.) Therein, while concurring in both the reasoning and result of reached by the majority, one judge of the three-judge panel suggested that case law should, in light of continuing technological advances making law enforcement intrusion on private affairs easier, continue to develop guiding principles as to the Fourth Amendment rights of probationers and parolees. *United States v. Korte*, 918 F.3d 750, 759-60 (9th Cir.) (Nelson, J., concurring op.), *cert. denied*, 140 S. Ct. 264 (2019). Petitioner merely quotes a portion of the concurring opinion; he does not articulate an argument based thereon.

Petitioner did not challenge parolee searches based on general privacy concerns in his direct appeal; instead, he challenged two specific types of searches—the search of the trunk of his car and the GPS tracking him—as beyond the scope of the permissible searches of a parolee. *See Korte*, 918 F.3d at 754-57. To the extent Petitioner attempts to relitigate any issue not decided in his favor on direct appeal, that issue is not a proper basis for a § 2255 motion. *See United States v. Redd*, 759 F.2d

8

699, 701 (9th Cir. 1985).  And to the extent that Petitioner may now be attempting to raise a less concrete, more generalized challenge to the constitutionality of parolee searches along the lines suggested by Judge Nelson's concurrence, this too is barred. Having not raised any such argument on direct appeal, it is procedurally defaulted, and Petitioner has not demonstrated cause and prejudice to overcome procedural default.

Thus, Petitioner's second ground likewise provides no basis for relief.

**VII.  CONCLUSION**

As set forth herein, the Court DENIES Petitioner's Motion.  Separately, the Court entered Judgment.

IT IS SO ORDERED.

Dated:  November 24, 2021

_____
Hon. Josephine L. Staton
United States District Judge